## 29045. ALLEN *v*. THE STATE.

*Donald H. Fraser, John W. Underwood,* for plaintiff in error.
*R. L. Dawson, solicitor-general,* contra.

GARDNER, J. The defendant was convicted of voluntary manslaughter. He assigns error on the overruling of his motion for new trial. The motion contains two special grounds.

■ The first headnote needs no elaboration.

■ (*a*) Ground 2 complains because the court failed to charge the law of circumstantial evidence. The record reveals that the verdict was not dependent on circumstantial evidence alone. There is no merit in this ground.

(*b*) Ground 1 is as follows: "Because, during the progress of said trial, the trial judge erred in this; that he did intimate or express an opinion to the jury as to what had been proved, as follows, to wit: in ruling on the testimony of Willie Chip Sr., who was sworn for the State and testified, the trial judge made the following ruling, to wit: 'Exclude all the testimony of this witness up to the time somebody tried to pacify him on the porch, except the *fact* that Cuthbert came there and didn't cause any disturbance.' The portion of said ruling which movant complains as being an expression of opinion detrimental to movant's rights as to what had been proved, being as follows: 'Except the *fact* that Cuthbert came there and didn't cause any disturbance.'"

After giving careful study to the evidence in the light of de-

608

fendant's contention, we come to the conclusion that the judge intimated and expressed an opinion in violation of Code § 81-1104. The defendant raised this question for the first time in his motion for new trial. In overruling this ground of the motion the court stated: "In the first ground of his amendment movant contends that the court committed error in expressing an opinion as to what had been proven, when the court in excluding certain testimony offered made a certain statement. This does not show error for it was necessary and proper that the court give his reasons for the exclusion or nonexclusion of certain evidence. Furthermore, movant does not contend or show that he made a motion for a mistrial then and was overruled by the court. Our reviewing courts have many times decided that prejudicial statements made by a judge in the hearing of the jury are not grounds for a new trial unless a motion for a mistrial was then and there made." This controversial question being thus raised in this record the Court of Appeals deemed it necessary to a proper decision of the case to make certain certifications to the Supreme Court for instructions. For the full import of the questions certified to the Supreme Court and the answers thereto see *Allen* v. *State,* supra.

In view of what has been said hereinbefore the case is reversed because of the errors assigned in ground 1 of the amended motion treated in division 2 (*b*) of this opinion. Since the case is to be tried again we do not pass on the general grounds.

*Judgment reversed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. Special ground 1 of the motion for new trial (the ground on which the majority opinion reversing the judgment overruling the motion for new trial is based) reads as follows: "Because during the progress of said trial, the trial judge erred in this, that he did intimate or express an opinion to the jury as to what had been proved as follows, to wit: in ruling on the testimony of Willie Chip Sr., who was sworn for the State and testified, the trial judge made the following ruling, to wit: 'Exclude all the testimony of this witness up to the time somebody tried to pacify him on the porch, except the fact that Cuthbert came there and didn't cause any disturbance.' The portion of said ruling of which movant complains as being an expression of opinion detrimental to the movant's rights as to what had been proved, being as follows: 'Except the fact that Cuthbert came there and

didn't cause any disturbance.' Reference is made to pages 16, 17, 18 of brief of evidence for testimony of this witness, Willie Chip Sr."

It is well settled by numerous and repeated decisions of the Supreme Court and of this court that a special ground of a motion for new trial must be complete and understandable within itself, and that when such a ground is so incomplete that the appellate court can not intelligently pass upon the error alleged therein without referring to the brief of the evidence or to some other part of the record it raises no question for the consideration of the court. The statement of the judge alleged to be an expression of his opinion as to what had been proved in the case is: "Exclude all the testimony of this witness up to the time somebody tried to pacify him on the porch, except the fact that Cuthbert came there and didn't cause any disturbance." Who was Cuthbert, and what connection did he have with the case? The ground fails to answer the question. The movant apparently realized that his ground was incomplete and he attempted to cure its infirmity by putting in the following sentence: "Reference is made to pages 16, 17, 18 of brief of evidence for testimony of this witness, Willie Chip Sr." He was evidently unaware of this court's ruling as above stated.

However, the ground is afflicted with a more serious infirmity. It fails to show whether "the fact that Cuthbert came there and didn't cause any disturbance" was a disputed or an undisputed fact, and this court can not determine that question without referring to the brief of the evidence, which it has repeatedly ruled it will not do. And it is well settled that where the judge expresses his opinion relating to a fact which is established by *uncontradicted* evidence he does not commit reversible error. It is impossible for this court to ascertain from this special ground alone whether the evidence of the witness Chip that Cuthbert "came there and didn't cause any disturbance" was uncontradicted or contradicted. If it was uncontradicted the statement of the judge was not reversible error. The special ground should not be considered by this court.